IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

    v.

MAURICE ASKEW,

       Defendant.

Criminal No. 04-0039

**ELECTRONICALLY FILED**

**MEMORANDUM ORDER RE: DEFENDANT'S MOTION**
**(DOC. NO. 128)**

### I. Introduction

Presently before the Court is Maurice Askew's "Motion to have Heard New Substantive Rule Per the Court's Discretion." See doc. no. 128. The Government has filed a Response in Opposition to the Motion. Doc. no. 131. For the reasons set forth herein, the Court will deny Maurice Askew's Motion.

### II. Case History

Maurice Askew was convicted by a jury of bank robbery, armed bank robbery and use of a firearm during a crime of violence. Doc. no. 63. As noted by this Court in another bank robbery and firearm case involving Maurice Askew (see case no. 03-cr-244-004), Maurice Askew was convicted of these offenses which stemmed from a series of six bank robberies that took place in 2002 and 2003 in Western Pennsylvania. This case (case. no. 04-cr-0039) relates to Maurice Askew's participation in the 2003 bank robberies, while case no. 03-cr-244-004 relates to his participation in the 2002 bank robberies.

With respect to the instant case, this Court sentenced Maurice Askew to a 392-month term of imprisonment, as follows: 92 months at Count II (armed bank robbery) to be served concurrently with the 84-month sentence imposed by this Court on Counts II and V at case no. 03-244; and 300 months at Count III (use of a firearm during a crime of violence), to be served consecutively to the preceding terms of imprisonment in case no. 03-244. Doc. no. 71.

After timely filing a Notice of Appeal from his 392-month sentence, the Court of Appeals for the Third Circuit affirmed the Judgment of conviction and the sentence imposed by this Court. Doc. nos. 93-94. See, *United States v. Askew*, 201 Fed. Appx. 858 (3d Cir. 2006).

On February 20, 2008, Maurice Askew filed his first Motion to Vacate under 28 U.S.C. § 2255. Doc. no. 241. The Court initially denied this Motion based on procedural grounds. See doc. nos. 96-98. However, the Court then granted Maurice Askew's petition to file his Motion to Vacate out of time, and allowed the Government time to respond. Doc. nos. 99-110. After a full briefing period, on April 1, 2010, this Court issued a Memorandum Opinion and Order denying Maurice Askew's Motion to Vacate on the merits. Doc. no. 120.

In the Court's Opinion granting in part[1] and denying in part Maurice Askew's Motion to Vacate, this Court recounted the following:

> On October 3, 2003, at approximately 10:00 a.m., two individuals dressed in dark clothing and masks entered the First National Bank of Pennsylvania in the Moxham section of Johnstown, Pennsylvania. The individuals were armed with handguns and wore masks. They directed employees and customers in the bank to lie on the floor and gave them instructions not to hit any alarms. Notes of Testimony ("N.T."), Trial, December 15, 2004 (doc. no. 85), at 20-26. After entering the bank, one of the armed robbers, an African-American male, jumped onto the counter in front of the teller area and pointed his gun at the tellers. The robber then jumped down on the teller's side of the counter area and began removing money from the teller drawers, placing it in a purple backpack that he was carrying.

---

[1] The Court granted Maurice Askew's Motion to Vacate the portion of his sentence which imposed a special assessment of $100.00 for the conviction of the crime charged at Count I of the Indictment. All remaining portions of his Motion to Vacate were denied by this Court.

2

> The same robber also ordered one teller at gunpoint to direct him to the vault so that he could remove money from there as well. While this occurred, the other robber remained in the customer area, controlling the area at gunpoint and watching the door. Id. at 20-36, 39-49. A total of $120,172.00 was stolen during the robbery, including bait money consisting of $20.00 bills from the tellers' drawers. Id. at 34-36, 48-49.
>
> After the robbery, police were able to obtain shoe impressions that one of the armed robbers had left on the counter in front of the teller area. In addition, partial shoe impressions were taken from two pieces of paper on which the robber collecting the money had stood. Id. at 53-55. On the morning of the robbery, the police located a car with its engine running on a street within a few hundred yards from the bank. The car had been reported stolen from a parking lot in Monroeville, Pennsylvania, 3/10 of a mile from the apartment of one of [Maurice] Askew's girlfriends, Denise O'Neal. Id. at 60-62, 64-67, 159-160.
>
> On the day of the bank robbery, Xondra Nolden, another of Askew's girlfriends, received a call from Askew. Askew met with Ms. Nolden later that day and told her that he had gone to Johnstown, Pennsylvania and he had robbed a bank. Ms. Nolden also saw significant sums of money in a safe that Askew kept at her apartment. Id. at 106-115.
>
> On October 14, 2003, a search warrant was executed at the residence of Xondra Nolden, 660 Princeton Boulevard in Wilkinsburg, Pennsylvania. During the search, a safe that belonged to Askew was recovered. The safe contained $36,235.00 in cash, including one of the bait bills that had been taken during the course of the robbery. In addition, officers recovered a plastic bag containing $720.00 from the residence. Id. at 120-121, 138-141, 144-149.
>
> On January 9, 2004, Askew was arrested in connection with the robbery outside of the Cambridge Square Apartments where Askew was residing with Denise O'Neal. At this time a .40 caliber Ruger handgun, along with live ammunition was recovered. Subsequently, an additional search warrant was obtained for a further search of Ms. Nolden's residence and a purple backpack, similar to the one used by the armed robber collecting the money from the bank robbery, was found. Id. at 157-158.

Doc. no. 120 at p. 3-4.

Maurice Askew timely filed an appeal (doc. no. 122) of this Court's Order largely denying him relief under Section 2255, and requested a Certificate of Appealability. On August 18, 2010, the United States Court of Appeals for the Third Circuit denied him a Certificate of

Appealability stating:

> The foregoing request for a certificate of appealability is denied, as Appellant's 28 U.S.C. § 2255 motion was untimely filed. *See* 28 U.S.C. § 2255(f)(1). Appellant's conviction and sentence were affirmed on October 26, 2006. *See United States v. Askew*, 201 F. App'x 858 (3d Cir. 2006). Because Appellant did not file a petition for a writ of certiorari in the underlying case, his conviction became final on January 24, 2007, when the ninety-day filing period for seeking discretionary review in the Supreme Court of the United States expired. *See Kapral v. United States*, 166 F.3d 565, 575, 577 (3d Cir. 1999). Appellant filed his § 2255 motion on February 20, 2008, after the one-year period had expired. Nothing in Appellant's filings in the District Court or this Court demonstrates a basis for equitable tolling. See *LaCava v. Kyler*, 398 F.3d 271, 276-77 (3d Cir. 2005); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

Doc. no. 125.

On April 8, 2014, Maurice Askew filed the instant Motion to Have Heard New Substantive Rule Per the Court's Discretion. This Motion is identical to the Motion filed at document numbers 338 and 339 in case number 03-cr-244-004.

On July 22, 2014, the Government filed its Response. The matter is now ripe for adjudication.

## III. Discussion

In light of the fact that the instant Motion is identical to the Motion filed in case number 03-cr-244-004 at document numbers 338 and 339, the Court adopts its prior Opinion as follows:

> Pages 14 through 20 of Maurice Askew's Motion contain the arguments he makes in favor of vacating his sentence.
>
> In a nutshell, Petitioner argues that *Alleyne v. United States*, 133 S.Ct. 2151 (2013), endows him with a "new right" one which, when invoked, is a "right against the designation of traditional elements as sentencing factors[.]" Doc. nos. 338, 339, p. 15. Petitioner continues this argument by asserting that he was "sentenced to 57 years imprisonment for offenses he was never found guilty of." Id.
>
> Petitioner further explains that under *Alleyne* he is not arguing "who is authorized to determine § 924(c)(1)(C)," rather, he argues that *Alleyne* has

4

"prohibited Congress from designating § 924 (c)(1)(C) as a sentencing factor."

Petitioner's sentencing (held on October 28, 2004) pre-dates the 2013 decision date of *Alleyne*.[2] As noted by the Court of Appeals in *United States v. Anthony Askew*, case no. 13-4825, (district court no. 03-244-2), filed April 29, 2014, *Alleyne* is not retroactive. See *United States v. Winkleman*, 746 F.3d 134, 136 (3d Cir. 2014).

In addition to the above, the instant Motion filed Maurice Askew (like the Motions filed in his other case – case no. 03-cr-244-004, at doc. nos. 338 and 339), appears to collaterally attack his sentence under 28 U.S.C. § 2255. Section 2255 Motions must be raised within one year from the latest of four specified dates. See 28 U.S.C. § 2255(f). However, this Court deems Petitioner's current Section 2255 Motion raising an *Alleyne* claim as untimely, because, as noted immediately above and quoted from this Court Opinion in case no. 03-cr-244-004, the *Alleyne* decision does not apply retroactively to cases such as the instant matter.

Moreover, as noted above in "II. Case History," Maurice Askew has already filed one Section 2255 Motion in his case and thus, the instant Motion appears to be a second or successive Section 2255 Motion(s), "because it challenges the same judgment as his previous § 2255 motion." See *Winkelman*, supra.; see also, *Anthony Askew,* Case No. 13-4825, p.3, n 1. Accordingly, and as explained by the Court of Appeals, this Court lacks jurisdiction to consider the instant Motion because the Court of Appeals has not authorized this Court to do so; and thus, this Court is obligated to dismiss it or transfer it to the Court of Appeals "to be treated as an application under 28 U.S.C. §§ 2244(b) and 2255(h). See *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)." *Anthony Askew,* Case No. 13-4825, p.3, n 1. Like the Motion filed in the *Anthony Askew* matter, this Motion (doc. no. 128) does not satisfy the standard for filing a

---

[2] The Court notes that **if** *Alleyne* had been decided prior to Petitioner's sentencing, the jury would have had to find that Petitioner "brandished" his weapon as opposed to merely "used," "carried," or "possessed" his weapon in violation of § 924(c)(1)(A)(ii). However, as noted, the *Alleyne* decision post-dates Petitioner's sentencing by several years.

second or successive Section 2255 Motion "because, as [the Court of Appeals] recently held, *Alleyne* has not been "made retroactive to cases on collateral review by the Supreme Court[.]" *Winkelman*, 2014 WL 1228194, at *1 (quoting § 2244(b)(1)(A))." *Id.*

Finally, the Court notes that even if this case did not pre-date the *Alleyne* decision, or if the holding in *Alleyne* could be construed to apply to this sentencing, the jury made all of the necessary findings as to Maurice Askew in this case. As pointed out by the Government's Response in Opposition (doc. no. 131), a finding that Maurice Askew brandished a gun was <u>not</u> necessary to increase his mandatory minimum sentence in this case, because the increase was predicated upon his prior convictions under § 924(c).

**IV. CONCLUSION**

Given the Court of Appeals guidance in the *Anthony Askew* matter, the recent *Winkleman* decision, and the facts of this case, the Court will deny Maurice Askew's instant Motion to Have Heard New Substantive Rule Per the Court's Discretion (doc. no. 128 ).

**ORDER**

AND NOW, this 23rd day of July 2014, Defendant's Motion to Have Heard New Substantive Rule Per the Court's Discretion (doc. no. 128) is **DENIED**.

                                                         s/Arthur J. Schwab
                                                         Arthur J. Schwab
                                                         United States District Judge

cc:     All Registered ECF Counsel and Parties

        PRO SE PLAINTIFF
        Maurice Askew, Petitioner
        Inmate Number 07973-068
        United States Penitentiary Canaan
        P.O. Box 300
        3057 Easton Turnpike
        Waymart, Pa. 18472

OFFICIAL LEGAL CORRESPONDENCE