IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                        Criminal No. 04-0039

    v.

MAURICE ASKEW,                   **ELECTRONICALLY FILED**

        Defendant.

**MEMORANDUM ORDER RE: DEFENDANT'S MOTION
(DOC. NO. 134)**

Presently before the Court is Maurice Askew's "Rule 59 Motion to Alter, Amend, or Reconsider Judgment" – meaning this Court's Order (doc. no. 133) denying his request to "Alter, Amend, or Reconsider Judgment." See doc. no. 134. In a nutshell, Maurice Askew's Motion filed at doc. no. 134, asked this Court to Reconsider its previous Order which refused to vacate his sentence under 28 U.S.C. § 2255 (hereinafter "Section 2255 Motion"). See Askew's Motion filed at doc. no. 129, the Government's Response in Opposition filed at doc. no. 131, and this Court's Order at doc. no. 133. The Court notes for the record, that the Section 2255 Motion to which Maurice Askew's Motion filed at doc no. 129 relates, was his second Section 2255 Motion, making the instant Motion his Second Request for Reconsideration of his Second 225 Motion.

**I. Standard of Review**

Federal Rule of Civil Procedure 59(e) permits the filing of a motion to alter or amend a judgment. *U.S. v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. *Smith v. Evans*, 853 F.2d 155, 158-59 (3d Cir.1988).

However, the scope of a Motion for Reconsideration "is extremely limited." *Blystone v. Horn,* 664 F.3d 397, 415 (3d Cir. 2011). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. den.*, 476 U.S. 1171 (1986). A court may properly grant a motion for reconsideration for any of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co*., 52 F.3d 1194, 1218 (3d Cir. 1995). "Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp. 2d 236, 238 (W.D. Pa. 1998) (quoting *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D. Pa. 1992)). See also *Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc.*, 2001 WL 41131, *2 (E.D. Pa. 2001) (same).

Also, a motion for reconsideration is not an opportunity for a party to relitigate already decided issues and should not be used "to put forward additional arguments which [the movant] could have made but neglected to make before judgment." *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D. Pa. 1992). See also *Williams*, 32 F.Supp. 2d at 39 ("Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly") (quoting *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)). These general rules apply fully when considering a motion to reconsider a court's decision denying habeas corpus relief. See e.g., *Bacon v. Carroll*, 2009 WL 3156751, *1 (D. Del. 2009); *Griffin v. Hogsten*, 2007 WL 1811222, *1 (M.D. Pa. 2007).

## II. Discussion

Maurice Askew was convicted of a series of bank robberies and use of firearms during crimes of violence. One conviction – at case number 03-cr-244-004 – was for a series of armed bank robberies which took place in 2002. This Court conducted a trial by jury, and Maurice Askew was convicted on all counts. This Court pronounced a sentence in that case, which included a term of imprisonment of 468 months. The other conviction – at this case number, 04-cr-0039 – was for an armed bank robbery which took place in 2003. This Court conducted a trial by jury, and Maurice Askew was convicted on all counts. This Court pronounced a sentence in that case, which included a term of imprisonment of 392 months.

In the older case (case no. 03-cr-244-004), Maurice Askew appealed to the Court of Appeals for the Third Circuit and has subsequently filed numerous Section 2255 Motions with this Court. All appeals to the Court of Appeals have led to an affirmance of the decisions of this Court and all Section 2255 Motions have been denied by this Court in case no. 03-cr-244-004.

In the older case (case no. 03-cr-244-004), Maurice Askew requested that this Court reconsider its most recent denial of a Section 2255 Motion. See doc. no. 347 in case no. 03-cr-244-004. The Government filed a Response in Opposition. Doc. no. 348. The Court denied Maurice Askew's Motion for Reconsideration. Doc. no. 349. Maurice Askew most recently filed a Motion for Reconsideration of the Court's decision to deny his prior Motion for Reconsideration. Doc. no. 358.

The instant Motion filed by Maurice Askew in this case (case no. 04-cr-0039) is identical to the Motion filed at doc. no. 358 of case no. 03-cr-244-004. However, in this case (case no. 04-cr-0039) there is no recent decision or judgment to "reconsider," as there was in case no. 03-

cr-244-004.

The original Judgment imposing the 392-month sentence in this case (case no. 04-cr-0039) was entered by this Court on March 17, 2005.  As noted by this Court, at doc. no. 133, on October 26, 2006, the original Judgment was affirmed by the Court of Appeals.  Thereafter, Maurice Askew filed a Section 2255 Motion, which was granted in part and denied in part by this Court, and on April 26, 2010, the Court of Appeals denied Maurice Askew a Certificate of Appealability making the decision final.  See doc. nos. 120-121 and 125.

On June 23, 2014, Maurice Askew filed a "Rule 52 and Rule 59 Motion to Alter, Amend, or Reconsider Judgment" Motion in this case.  Doc. no. 129.  The Court notes that he filed the same Motion on the same date in his other case (case no. 03-cr-244-004).  Here, however, there was no recent Judgment which Maurice Askew could have been asking this Court to reconsider.  On July 23, 2014, this Court entered an Order denying doc. no. 128, which was Maurice Askew's "Motion to Have Heard New Substantive Rule Per the Court's Discretion" (doc. no. 128) and denied his "Rule 52 and Rule 59 Motion to Alter, Amend, or Reconsider Judgment" (doc. no. 129) in this case.  See doc. no. 132 and 133, respectively.

Presently before the Court, is Maurice Askew's Motion to Reconsider the Court Order denying his first Request to Reconsider.  Doc. no. 134.  Because there are no new arguments advanced in this current motion and because it is substantially similar to his first Request for Reconsideration, the Court will deny the instant Motion.  Again, there was no judgment for the Court to "reconsider" the first time this sort of Motion was filed.

**III. Conclusion**

All of the arguments Maurice Askew makes in his instant Motion for Reconsideration have been adequately addressed by this Court's prior Memorandum Order (doc. nos. 133), and thus, given the procedural status of this case, the Court will deny Maurice Askew's current Motion for Reconsideration. As such, his Motion for Reconsideration (doc. no. 134) will be denied.

**ORDER**

AND NOW, this 12th day of September 2014, Defendant's Rule 59 Motion to Alter, Amend or Reconsider (doc. no. 134) is **DENIED**.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties

       PRO SE PLAINTIFF
       Maurice Askew, Petitioner
       Inmate Number 07973-068
       United States Penitentiary Canaan
       P.O. Box 300
       3057 Easton Turnpike
       Waymart, Pa. 18472

OFFICIAL LEGAL CORRESPONDENCE